UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Scott R. Tokanel

    v.                              Civil No. 09-cv-409-JL

State of New Hampshire

### REPORT AND RECOMMENDATION

Before the Court is Scott Tokanel's petition for a writ of habeas corpus (document no. 1) filed pursuant to 28 U.S.C. § 2254.  The matter is before me for preliminary review to determine, among other things, whether the petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to conduct preliminary review of initial pleadings filed by prisoners proceeding pro se).

### Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate

Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949

(2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

On March 5, 2009, Scott Tokanel entered guilty pleas in the Rockingham County Superior Court to two counts of burglary and one count of attempted burglary. Tokanel received two concurrent twelve-month terms of imprisonment, to be served in the Rockingham County House of Corrections ("RCHC"), and a deferred state prison sentence. At the time of his plea, Tokanel believed that, with good time awarded, he would serve eight months in the

RCHC. Tokanel now claims that he has lost his good time, and seeks its reinstatement.[1]

## Discussion

Tokanel describes his failure to be granted good time as a "loss of good time." Tokanel thus attempts to characterize his claim for habeas relief as seeking the restoration of good time that, he asserts, he had already obtained, and which was improperly taken from him by the RCHC administration. As a preliminary matter, I find that Tokanel's characterization of the status of his good time is inconsistent with New Hampshire law governing the administration of county house of correction

---

[1] Tokanel also claims that he has been denied access to a law library at the RCHC and that he has been denied due process in disciplinary hearings. To the extent that Tokanel seeks to challenge the conditions of his confinement, without calling into question the fact or duration of his underlying sentence, he must do so by filing a separate civil rights action, pursuant to 42 U.S.C. § 1983, after properly exhausting his administrative remedies for those claims. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (federal habeas petition is the appropriate means to challenge the actual fact or duration of confinement); White v. Gittens, 121 F.3d 803, 807 n.3 (1st Cir. 1997) (civil rights action is the proper means to challenge conditions of confinement); see also 42 U.S.C. § 1997e (requiring prisoners to exhaust available administrative procedures prior to seeking relief for prison conditions claims under § 1983); cf. Edwards v. Balisok, 520 U.S. 641, 648 (1997) (claims alleging inadequacy of prison disciplinary procedures that necessarily imply invalidity of continuing confinement must be filed as claims for habeas relief).

sentences as it relates to early release from a sentence for meritorious behavior.  Under New Hampshire law, an inmate serving a sentence of twelve months or less in a county house of corrections:

> <u>may</u> be issued a permit and discharged by the superintendent of the county department of corrections when he has served 2/3 of his minimum sentence, provided it shall appear to the superintendent to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen.

N.H. Rev. Stat. Ann. ("RSA") 651:18, II (emphasis added).  Under New Hampshire law, county house of corrections sentences are, therefore, potentially decreased by good behavior, but are not increased by the denial of release for meritorious behavior.  <u>See</u> <u>State v. Edson</u>, 153 N.H. 45, 48-49, 889 A.2d 420, 242 (2005) ("The provisions for good time <u>add</u> to a State prison minimum sentence, but <u>subtract</u> time from a house of correction sentence.") (emphasis in original).  Accordingly, Tokanel did not suffer a "loss of good time," as he never accrued good time.  He was simply denied early release that, had his behavior been meritorious during his incarceration, he might have been granted. <u>See</u> RSA 651:18, II.

It is well-settled that a convicted person has no constitutional right to be conditionally released, on parole or otherwise, before the expiration of a valid sentence.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  A valid conviction, with all its procedural safeguards, extinguishes that liberty right.  See id.; see also Meachum v. Fano, 427 U.S. 215, 224 (1976).  A right to release prior to the expiration of a sentence exists, therefore, only if such right is created by State law.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hamm v. Latessa, 72 F.3d 947, 954-55 (1st Cir. 1995); Brooker v. Warden, No. 98-466-JD, 1999 WL 813893, at * 2 (D.N.H. June 22, 1999).  Here, release for meritorious behavior, prior to the expiration of the sentence imposed, is precisely analogous to release on parole in New Hampshire, which is granted at the discretion of the adult parole board after a finding that the inmate is reasonably likely to be of good behavior upon release.  See RSA 961-A:6, I.[2]

---

[2]The language of the statute governing release on parole from a state prison sentence prior to the expiration of the maximum sentence tracks the language of the house of corrections good time statute:

> A prisoner may be released on parole upon the expiration of the minimum term of his sentence [as adjusted by statutory provisions relating to good

A state statute can create an enforceable liberty interest in the prison setting. See Sandin, 459 U.S. at 487. By its terms, the statute governing county house of corrections "good time" in New Hampshire allows, but does not require, the superintendent of a jail to grant early release for meritorious behavior in his or her discretion after an inmate has served two thirds of his or her sentence. See RSA 651:18. Nothing in New Hampshire law entitles an inmate to a discharge of the last third of his jail sentence, or requires that the inmate be provided with a hearing or other process prior to being denied early release. Where the granting of early release is entirely within the discretion of the superintendent, and no right to such release ever accrues under state law, no liberty interest has been created by state law. Accordingly, there is no deprivation of a liberty interest when the superintendent, in the exercise of his statutory discretion, declines to grant an inmate a reduction of his sentence. Tokanel's petition fails to state a viable

---

time in state prison sentences] provided that there shall appear to the adult parole board . . . to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen. . ."

RSA 651-A:6, I.

7

claim for federal habeas relief, and I recommend the petition be dismissed on that basis.

Although I recommend that Tokanel's petition be denied on the merits,[3] I note further that the habeas claim here has not been exhausted in the state courts, as is prerequisite to seeking relief in this Court under 28 U.S.C. § 2254(b). See Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his habeas claims to the state courts to give them the first opportunity to remedy the claimed constitutional error before proceeding in federal court); Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"). Accordingly, even if petitioner's claim were amenable to habeas relief, this Court would not be able to review the claim until Tokanel had completely exhausted his claim in the state courts.

---

[3] See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

8

<u>Conclusion</u>

For the foregoing reasons, I recommend that the petition be dismissed for failing to state any cognizable federal habeas claim. Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    January 7, 2010

cc:      Scott R. Tokanel, pro se


JM:jba

9